**In re Ernest J. PADALECKI, Debtor.**

**No. 00–51135–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Feb. 13, 2001.

---

Joseph W. Shulter, San Antonio, TX, for Debtor.

Randolph N. Osherow, San Antonio, TX, trustee.

### ORDER ON MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7 AND TO AWARD ADDITIONAL ATTORNEY FEES

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. The debtor filed a notice of conversion in this case. Subsequently, debtor filed a motion to convert, believing that a motion was required by the Local Rules. The debtors also seek compensation for their attorneys out of whatever funds are on deposit with the chapter 13 trustee. This decision responds to the question of construing the local rules.

On December 1, 2000, the Local Rules for the Bankruptcy Court for the Western District of Texas were amended. Local Rule 1017 now provides that any motion to convert or dismiss must state if the case has been previously converted, and also says that a motion to convert under section 1112(a) of title 11 must set out certain information. The comment to the rule notes that the former local rule was amended, to drop the requirement that voluntary conversion of chapter 13 cases to chapter 7 be accomplished by

motion. The national rules expressly permit such conversion by notice, and the local rules cannot be contrary to the national rules.

■ There is, unfortunately, a certain ambiguity created by the language in Local Rule 1017(a): "[a]ny motion to dismiss *or convert* shall state whether the case been previously converted from another chapter of title 11." The reference to a "motion to convert" has no doubt led to the debtor's assertion in its pleading that "the local rules appear to require a motion and order for conversion." In fact, that is not the case.

The local rule does not *require* a motion to convert when it is the debtor seeking to convert. It merely states that, *if* a party files a motion to convert, *then* the motion must state whether the case was previously converted from another chapter. Section 1307 of the Bankruptcy Code gives to parties *other than the debtor* the standing to seek conversion of a case. A chapter 13 trustee might move for such relief, as may a creditor. Obviously, these parties *cannot* obtain conversion by notice only, because neither the statute nor the rules permit it. Instead, they must file a motion and obtain an order, on notice to parties in interest. The Local Rules must be construed to refer to these motions and should not be construed as a *sub rosa* directive that any conversion be accomplished only by motion. Clearly, there are situations in which a *motion* to convert is *not* required—that is, when debtors *voluntarily* elect to convert their chapter 13 case to chapter 7. In that situation, notice is all that is required, and Local Rule 1017(a) simply will not there apply.

■ The court regrets the ambiguity that the language of the rule seems to have generated. It would have been better not to have included the words "or convert" in Local Rule 1017(a), as the reference to "previously converted" seems to matter only in the case of a motion to dismiss a chapter 13 case.[1] On the next round of amendments to the local rules, this subsection will no doubt be amended to delete the words "or convert." As it is, however, the language should not be construed as imposing a requirement to file a motion to convert chapter 13 cases to chapter 7 cases. The local rules were amended expressly to *delete* that requirement (formerly imposed under the old local rules) and to bring our rules into conformity with the national rules.

■ The debtor has also sought recovery of its fees via this motion. A motion of course does have to be filed to recover these fees, though the court has some question whether the motion might not be better addressed to the chapter 7 trustee. In all events, the motion in this case will be granted, to avoid surprise to counsel.

The motion to convert is dismissed as moot, the case having been already converted by notice of conversion. The motion to award fees in the amount of $575 is granted.

So Ordered.

---

1. A previously converted case cannot be voluntarily dismissed. 11 U.S.C. § 1307(a). This provision is designed to close a potential loophole in the law. Chapter 7 cases cannot be voluntarily dismissed, but they can be voluntarily converted. Were the loophole not closed, a chapter 7 debtor could easily evade the prohibition on voluntary dismissal of chapter 7 cases by simply converting to chapter 13, then voluntarily dismissing.